UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PERKINS, | No. 2:16-cv-01791 JAM CKD (PC) |
| Plaintiff, | |
| v. | AMENDED DISCOVERY AND SCHEDULING ORDER |
| A. ADAMS et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motion for a court order, ECF No. 30, and defendants' ex parte motion to modify the discovery and scheduling order, ECF No. 33. Defendants have filed an opposition to plaintiff's motion and plaintiff has replied. ECF Nos. 31, 32. For the reasons discussed below, the court will grant plaintiff's motion and deny defendants' motion as moot.

This action is proceeding against defendants A. Adams and Y. Mansour based on plaintiff's claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Defendants answered the complaint and on March 30, 2017, the Court issued a discovery and scheduling order, setting the discovery deadline as July 3, 2017, and the dispositive motion deadline as October 10, 2017. ECF No. 25. Defendants served their First Set of Interrogatories on plaintiff on May 4, 2017. See ECF No. 32-1 at 1.

1

### I. Plaintiff's Motion for a Court Order[1]

In his motion for a court order, plaintiff requests not to answer defendants' First Set of Interrogatories "until after discovery has been completed or other later time deemed appropriate by the Court" pursuant to Rule 33(a)(2) of the Federal Rules of Civil Procedure. See ECF No. 30. Plaintiff's reply to defendants' opposition clarifies the reasons for this request. By way of declaration, plaintiff states that he "was unable to comply with defendants' discovery requests to any reasonable extent,… [because] he had not received the bulk of his medical records until right when his responses were required, and much more of his medical records [until] after discovery had actually closed." ECF No. 32 at 2. Plaintiff also indicates that his health is deteriorating. Id.

In opposition to the motion, defendants assert that the motion is moot because plaintiff served his discovery responses and the discovery period has now closed. See ECF No. 31. Defendants also indicate that plaintiff never served any discovery requests and that there is no pending motion to compel additional discovery responses from plaintiff. Id. To the extent that plaintiff is seeking to modify the scheduling order governing this case, defendants contend that plaintiff has failed to demonstrate good cause. Id.

The court will construe plaintiff's motion for a court order as a motion to modify the discovery and scheduling order governing this case. See Fed. R. Civ. P. 6(b)(1)(A). So construed, the motion will be granted based on good cause shown. Id. Here, plaintiff has been diligently reviewing his medical records in an attempt to respond to defendants' First Set of Interrogatories. The discovery period in this case will be re-opened in order to permit plaintiff one full and fair opportunity to propound discovery to defendants and to file any supplemental responses to defendants' First Set of Interrogatories after reviewing his complete medical records.

### II. Defendants' Ex Parte Motion to Modify the Discovery and Scheduling Order

Defense counsel filed a motion requesting to extend the dispositive motion deadline to October 24, 2017 based on his absences from work due to a death in the family and illness. ECF

---

[1] To the extent that plaintiff's reply brief refers to an attached motion to photograph his injuries, plaintiff is advised that no such motion was attached or filed with the court. See ECF No. 32 at 2-3.

No. 33. In light of the court's ruling on plaintiff's motion for a court order, defendants' motion to modify the discovery and scheduling order is moot. It will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a court order (ECF No. 30) is granted;
2. The March 30, 2017 Discovery and Scheduling Order governing this case is hereby amended to reflect that discovery is reopened and the discovery deadline is extended to January 8, 2018 and the dispositive motion deadline is extended to April 9, 2018; and,
3. Defendants' ex parte motion to modify the discovery and scheduling order is denied as moot.

Dated: October 11, 2017

_/s/ Carolyn K. Delaney_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/perk1791.amend41dso.docx