1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RANDY PERKINS,                          No. 2:16-cv-01791-JAM-CKD P

12                    Plaintiff,

13        v.                                   ORDER AND

14    A. ADAMS, et al.,                        FINDINGS AND RECOMMENDATIONS

15                    Defendants.

16

17            Plaintiff is a state inmate proceeding pro se and in forma pauperis in this federal civil

18    rights action filed pursuant to 42 U.S.C. § 1983.  On September 26, 2019, the court directed

19    plaintiff to file a pretrial statement on or before December 11, 2019.  ECF No. 58.  Plaintiff was

20    warned that failure to file a pretrial statement could result in the imposition of sanctions,

21    including dismissal of this action.  Id. at 4.  The deadline has now passed and plaintiff has yet to

22    file his pretrial statement.

23            "District courts have the inherent power to control their dockets.  In the exercise of that

24    power they may impose sanctions including, where appropriate, default or dismissal."  Thompson

25    v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S.

26    626 (1961)).  A court may dismiss an action based on a party's failure to prosecute an action,

27    failure to obey a court order, or failure to comply with local rules.  Fed. R. Civ. P. 16(f); Fed. R.

28    Civ. P. 41(b); L.R. 110; Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (citing United States

                                                1

v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending since July 2016, and there is no evidence that plaintiff has made any attempt to file a pretrial statement. Plaintiff's failure to file a timely pretrial statement despite being warned that his case may be dismissed has already resulted in defendant's request to modify the deadlines in this case, thereby impeding resolution of this case. See ECF No. 61.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone, 833 F.2d at 131). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Plaintiff has provided no explanation for his failure to timely comply with the court's order and his failure impairs the defendants' ability to file a responsive pretrial statement and to prepare for and proceed to trial. See ECF No. 61.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the other factors in favor of dismissal discussed herein.

Finally, at this late stage in the proceedings, the court finds that there are no other, lesser sanctions that would be satisfactory or effective. The court has already warned plaintiff that failure to file a pretrial statement may result in dismissal of the action. ECF No. 58. The court's

warning to a party that failure to obey the court's order will result in dismissal can satisfy the "consideration of the alternatives" requirement. Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-133; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)). In light of the other matters which cannot be properly addressed until plaintiff has filed a pretrial statement, further extensions of time are not feasible. Furthermore, given plaintiff's in forma pauperis status and numerous assertions of continued financial hardship, he would likely be unable to pay any monetary sanctions, making them of little use. Therefore, the undersigned is recommending that this action be dismissed without prejudice as a result of plaintiff's failure to file a pretrial statement.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to modify the September 26, 2019 Scheduling Order (ECF No. 61) is denied as moot.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 27, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/perk1791.nopretrial.docx

3